**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| **ROGELIA MARTINEZ-SWEENEY AND SEAN P. SWEENEY** | **CIVIL ACTION NO. _____** |
| **VERSUS** | **JUDGE _____** |
| **THE CONTINENTAL INSURANCE COMPANY, 4J FOUNDATION, INC., EARL K. JONES, UNITED SPECIALTY INSURANCE COMPANY, NJ TRUCKING EXPRESS, INC., ZIMING WANG, ALLIED WORLD NATIONAL ASSURANCE COMPANY, C W & W CONTRACTORS, INC. AND BOBBY G. EMMITT** | **MAGISTRATE _____** |

**NOTICE OF REMOVAL OF CIVIL ACTION NO. 89125-H
FROM THE 16TH JUDICIAL DISTRICT COURT
FOR THE PARISH OF ST. MARTIN, STATE OF LOUISIANA**

Defendants, United Specialty Insurance Company, NJ Trucking, Inc., Ziming Wang, (hereinafter referred to as the "Removing Defendant") through undersigned counsel, hereby gives notice of the removal of this action from the 2nd Judicial District Court for the Parish of Bienville, State of Louisiana, pursuant to 28 U.S.C. §§ 1441 and 1446.

**BASIS FOR REMOVAL**

**1.**

The Removing Defendants are Defendants in a civil action brought against it and others in the 2nd Judicial District Court for the Parish of Bienville, State of Louisiana, entitled "Rogelia Martinez-Sweeney and Sean P. Sweeney v. The Continental Insurance

Company, 4J Foundation, Inc., Earl K. Jones, United Specialty Insurance Company, NJ Trucking Express, Inc., Ziming Wang, Allied World National Assurance Company, C W & W Contractors, Inc. and Bobby G. Emmitt," bearing Civil Action No. 46-029.

**2.**

A copy of the entire state court record is attached hereto as Exhibit A.

**3.**

The action was commenced by the filing of the Petition for Damages by Plaintiffs on or about April 11, 2022. United Specialty Insurance Company, NJ Trucking, Inc., Ziming Wang were named as Defendants in the original Petition for Damages.

**4.**

This notice of removal is timely because it is filed within thirty (30) days of service on Ziming Wang on April 18, 2022 and on NJ Trucking, Inc. on April 26, 2022.

**5.**

Plaintiffs' action is a civil action that falls under this Court's original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship), and is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1446(a).

**BASIS FOR DIVERSITY JURISDICTION**

**6.**

This case is removable under 28 U.S.C. §1446 because this Court has original jurisdiction over this case under 28 U.S.C. § 1332(a), which provides in pertinent part:

(a)   The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

    (1)    citizens of different States;

    (2)    citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subject of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State.

<u>Diversity of Citizenship</u>

**7.**

The controversy between Plaintiffs and all Defendants is a controversy between citizens of different States, as follows:

a. In the original Petition for Damages, Plaintiffs allege that they are residents and citizens of the State of Michigan.

b. Defendant Ziming Wang is an individual of the full age of majority and citizen of the State of California.

c. Defendant NJ Trucking, Inc. is a California corporation with its principal place of business in the State of California.

d. Defendant United Specialty Insurance Company is a Texas corporation, with its principal place of business in the State of Texas.

e. Defendant The Continental Insurance Company is a Pennsylvania corporation, with its principal place of business in the State of Pennsylvania.

f. Defendant 4J Foundation, Inc. is an Oklahoma corporation, with its principal place of business in the State of Oklahoma.

g. Defendant Earl K. Jones is an individual of the full age of majority and citizen of the State of Oklahoma.

    h.    Defendant Allied World National Assurance Company is a Georgia corporation, with its principal place of business in the State of Georgia.

    i.    Defendant C W & W Contractors, Inc. is a Louisiana corporation with its principal place of business in the State of Louisiana.

    j.    Defendant Bobby G. Emmitt is an individual of the full age of majority and citizen of the State of Louisiana.

Amount in Controversy

**8.**

A.    Plaintiffs, Rogelia Martinez-Sweeney alleges that she sustained personal injuries as a result of this vehicular collision. Sean P. Sweeney alleges that he sustained loss of consortium, services and society as a result of a vehicular collision. Although the Removing Defendants deny liability and the extent of the alleged damages, based upon Plaintiffs' allegations and discussions with Plaintiffs' counsel, along with the Plaintiffs' refusal to stipulate concerning the amount in controversy, the amount in controversy exceeds $75,000, exclusive of interest and costs.

Consent of Properly Served Defendants

**9.**

All properly joined and served Defendants have either joined in or consented to this removal, as follows:

    a.    The removing Defendants, United Specialty Insurance Company, NJ Trucking, Inc. and Ziming Wang join in this Notice of Removal.

    b.    United Specialty Insurance Company has not been served as of the time of this filing, but consents to the removal. (See Exhibit B).

**REMOVAL TO THIS DISTRICT IS PROPER**

**10.**

Pursuant to 28 U.S.C. § 1441(a), the removal of this action to this Court is proper as this Court sits in the judicial district embracing the place where the action is pending. However, the removing Defendants in no way waives its rights to seek transfer of this matter to a more convenient judicial district, pursuant to 28 U.S.C. § 1404(a).

**11.**

The Removing Defendants hereby reserve the right to amend or supplement this Notice of Removal.

**12.**

The Removing Defendants are providing Plaintiffs, through their counsel, written notice of the filing of this Notice of Removal as required by 28 U.S.C. §1446(d).  Further, the Removing Defendants are filing a copy of this Notice of Removal with the Clerk of Court for the 2nd Judicial District Court for the Parish of Bienville, State of Louisiana, where this action is currently pending.

WHEREFORE, because this Court may exercise federal subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, removal is appropriate under 28 U.S.C. §§ 1441 and 1446.

Respectfully submitted,

**HAIK, MINVIELLE & GRUBBS**

BY: /s/*Julius W. Grubbs, Jr.*
**JULIUS W. GRUBBS, JR. (#6361)**
1017 East Dale Street
Post Office Box 11040
New Iberia, LA 70562-1040
Telephone: (337) 365-5486
Facsimile: (337) 367-7069
jwgrubbs@hmg-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send an electronic notice of same to all CM/ECF participants.

**HAIK, MINVIELLE & GRUBBS, LLP**

BY: /s/*Julius W. Grubbs, Jr.*
**JULIUS W. GRUBBS, JR. (#6361)**